IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| SHELAH MCCORD, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | *   No. 3:16-cv-00098-JJV |
| | * |
| | * |
| | * |
| Defendant. | * |

## MEMORANDUM AND ORDER

Plaintiff, Shelah McCord, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382(a)(3)(A). "A 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). After consideration of the record as a whole, I find that the decision of the Commissioner is supported by substantial evidence.

In support of her Complaint, Plaintiff argues the Administrative Law Judge (ALJ) incorrectly concluded her obesity was not a "severe" impairment. (Doc. No. 15 at 21-22.) If Plaintiff's obesity was a "severe" impairment, it would, by definition, limit Plaintiff's ability to perform basic work activity. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). To the contrary, a non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

In this case, I conclude Plaintiff's obesity does not amount to a "severe" impairment. First, as the Commissioner points out, Plaintiff has never been diagnosed as obese. (Doc. No. 16 at 5.) Moreover, while there is mention of Plaintiff's obesity in the medical records (Tr. 714), there is no medical evidence showing any limitation therefrom. Plaintiff's application and her testimony at the administrative hearing consistently alleged disability only due to back and neck impairments and anxiety (Tr. 225-226, 400), and make no mention of obesity. Therefore, the ALJ could rightly

conclude her obesity was non-severe. *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995); *see also Sassone v. Commissioner*, No. 05-2089, 2006 WL 15182, at *958 (3rd Cir. Jan. 20, 2006) ("we cannot fault the ALJ for failing to discuss Sassone's obesity because the record contains no mention of a physician diagnosing or treating Sassone for obesity"); *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3rd Cir. 2005) (claimant failed to allege obesity as an impairment and the record contained no mention of obesity contributing to a severe impairment); *Skarbek v. Barnhart*, 390 F .3d 500, 504 (7th Cir.2004) (*per curiam*) (no error by ALJ for not mentioning obesity on the grounds that it had already been factored into claimant's medical reports and the applicant failed to demonstrate how the obesity would further impair his ability to work).

Plaintiff also argues the ALJ's residual functional capacity assessment was flawed because "none of [her] treating physicians had been asked to comment on [her] residual functional capacity, so the only residual functional capacity evidence was that of nonexamining, nontreating physicians who reviewed the records of the claimant's treating physicians." (Doc. No. 15 at 23.) But Plaintiff is reminded she had the burden of proving her disability and should have obtained these assessments if she thought they were important to her case. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff clearly has some physical limitations. But the overall medical evidence, including numerous diagnostic tests (Tr. 114-121, 504-507, 519-520, 558-559, 672-675, 678-681, 724-725), provides substantial support for the ALJ's determination that she could perform work at the light exertional level.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole

which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

    I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

    THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

    IT IS SO ORDERED this 11th day of October, 2016.

                                          _____
                                          JOE J. VOLPE
                                          UNITED STATES MAGISTRATE JUDGE